# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOONER HOT OIL AND WELL SERVICES, LLC, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs | ) ) | NO. CIV-14-0479-HE |
| BISON CLEAN FUELS, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs are common carriers engaged in the transportation business. Defendant sells compressed natural gas ("CNG") to businesses for powering industrial equipment. The parties entered into an oral agreement pursuant to which plaintiffs would transport "tube trailers" containing CNG to various locations in northwest Oklahoma, to enable defendant to meet its contractual obligations to third parties. The deliveries appear to have begun in January of 2014. Disagreements arose quickly between the parties, culminating in this lawsuit. The underlying dispute appears to boil down to two questions: (1) what price did the parties agree to and (2) when was payment due? Although the disputed issues seem relatively straightforward, the parties have labored mightily to make the case more complicated, with multiple theories and a variety of counterclaims. This order addresses some of those counterclaims.

Plaintiffs have moved to dismiss three of the counterclaims asserted by defendant, which allege violations of the Oklahoma Consumer Protection Act ("OCPA"), 15 OKLA.

1

STAT. § 751 *et seq.*, and the Texas Theft Liability Act ("TTLA"), TEX. CIV. PRAC. & REM. CODE ANN. § 134.001 *et seq.*, as well as conspiracy to violate both acts. Plaintiffs argue, pursuant to Federal Rule of Civil Procedure 12(b)(6), that these purported counterclaims fail to state a claim.

To survive a Rule 12(b)(6) motion, a complaint must contain a "statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This standard requires that the complaint set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqubal, 556 U.S. 662, 678 (citing Twombly, 550 U.S. at 556).[1] In deciding on a Rule 12(b)(6) motion, the court must "accept all well-pled factual allegations as true and view these allegations in the light most favorable to the nonmoving party." Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). Applying these standards, the court concludes defendant's motion should be granted.

With respect to the purported counterclaim under the OCPA, plaintiffs dispute whether defendant is a "consumer" entitled to assert the Act's protections. Defendant acknowledges that it did not buy goods for its own use, which would likely qualify it for

---

[1] *Oddly, defendant's response both acknowledges the rule from* Twombly *and then urges application of the standard–"unless it appears beyond doubt that plaintiff can prove no set of facts"–which* Twombly *specifically rejected. [Doc. #33, p. 3].*

2

"consumer" status. *See* Lumber 2, Inc. v. Illinois Tool Works, Inc, 261 P.3d 1143, 1149 (Okla. 2011) (defining "consumer" as "one who consumes or uses economic goods"). Rather, it argues that it is a consumer because it purchased "services," which fall within the scope of the OCPA. However, the Oklahoma Supreme Court has interpreted the Act to exclude those contracts which are "nothing more than service contracts." James v. Tyson Foods, Inc., 292 P.3d 10, 18 (Okla. 2012).[2] Here, the contract at issue is essentially one for services–for the delivery of CNG. Defendant therefore fails to qualify as an aggrieved "consumer" under the Act, and its purported claim under the OCPA fails to state a claim.[3]

Whether defendant's counterclaim under TTLA states a claim turns on whether Texas law is applicable to this dispute. Plaintiffs say it is not; defendant says it is. In determining which state's laws apply to a particular issue, a "federal court in a diversity case applies the choice of law principles of the state in which it sits." Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp., 315 F.3d 1271, 1281 (10th Cir. 2003) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)).[4]

---

[2] *The James decision does not explicitly address the relationship between the statutory definition, 15 OKLA. STAT. § 752(2), and the court's apparently categorical exclusion of "service contracts." However, that appears to be the import of the decision. See Access Endocrine, Diabetes, & Thyroid Ctr., P.C. v. Health Care Service Corp., CIV-14-441-C, 2014 WL 4385760, 2 (W.D. Okla. Sept. 4, 2014).*

[3] *An alternate ground may bar application of the Act in the circumstances existing here. Defendant alleges, and plaintiffs do not dispute, that plaintiffs are "common carriers." [Doc. Nos. 14, ¶¶ 3-4, & 30, ¶ 2]. Common carriers are, in various ways, subject to state and/or federal regulation and the exemption stated in 15 OKLA. STAT. § 754 may therefore apply. However, as neither party has addressed that potential issue, the court does not rely on it here.*

[4] *Contrary to the suggestion in plaintiff's opening brief, the court does not simply adopt the substantive law of the state where it sits. Rather, it applies that state's choice of law rules to make*

Under Oklahoma's choice of law rules, the state with the most significant relationship to the issue supplies the substantive rule of decision. Hawk Enters., Inc. v. Cash Am. Inter., Inc., 282 P.3d 786, 790-91 (Okla. Civ. App. 2012) (quoting Brickner v. Gooden, 525 P.2d 632, 637 (Okla. 1974). In determining which state has the most significant relationship to a tort claim, the court considers the following contacts:

(1) the place where the injury occurred,

(2) the place where the conduct causing the injury occurred,

(3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(4) the place where the relationship, if any, between the parties occurred.

Brickner, 525 P.2d at 637.

Here, the court concludes that Oklahoma, rather than Texas, law applies to the parties' dispute. Both states have some connection to it: plaintiffs are Oklahoma companies and defendant is a Texas company; invoices were sent and demands for wire transfers were made by plaintiffs from Oklahoma to defendant in Texas, and payments were the opposite. Thus, the first three factors do not clearly point to either state. The fourth factor, however, does appear pertinent to this dispute and suggests Oklahoma has the more significant relationship to it. The parties' relationship was substantially contractual in nature and the focus of the contract (*i.e.* the services to be rendered) was entirely in Oklahoma. In these

---

*the further determination of which state's substantive law supplies the rule of decision.*

circumstances, the court concludes Oklahoma has the most significant relationship to the parties' agreement and the occurrences at issue. The motion will be granted as to the purported claims under the Texas statute.

As the court concludes that both the OCPA and TTLA claims must be dismissed, the purported "civil conspiracy" claim premised on a scheme to violate one or both of those statutes also fails.

For the reasons stated, plaintiffs' motion to dismiss defendant's counterclaim [Doc. #29] is **GRANTED**. Counts 2, 3, and 4 of defendant's counterclaim are **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 13th day of November, 2014.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE